Johnson v. Memphis Pathology Laboratory, Inc.                                                                                               Doc. 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| PATRICIA NELMS JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>MEMPHIS PATHOLOGY LABORATORY, INC.,<br><br>    Defendant. | No. 05-2918-Ml/V |

ORDER DIRECTING PLAINTIFF TO FILE A PROPERLY COMPLETED
IN FORMA PAUPERIS AFFIDAVIT OR PAY THE CIVIL FILING FEE
AND
ORDER DIRECTING PLAINTIFF TO FILE DEFENDANT'S ADDRESS
AND RIGHT TO SUE LETTER

Plaintiff Patricia Nelms Johnson, a resident of Arkansas, filed a pro se complaint pursuant to, inter alia, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq., on December 9, 2005, along with an application seeking leave to proceed in forma pauperis.

Federal law provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of" $250. 28 U.S.C. § 1914(a).[1] To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by

---

[1] Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-21-05

filing an <u>in forma pauperis</u> affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking <u>in forma pauperis</u> standing must respond fully to the questions on the Court's <u>in forma pauperis</u> form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. <u>See, e.g.</u>, <u>Reynolds v. Federal Bur. of Prisons</u>, 30 Fed. Appx. 574 (6th Cir. Mar. 11, 2002); <u>Brogue v. Fort Knox Fed. Credit Union</u>, No. 86-1896, 1997 WL 242043 (6th Cir. May 8, 1997).

Plaintiff's motion to proceed <u>in forma pauperis</u> does not adequately document her monthly income, assets, and financial obligations. In particular, it is not clear whether the amount allegedly received from Social Security disability is a monthly figure or a total. The affidavit also does not set forth plaintiff's monthly obligations. The Court is, therefore, unable to conclude at present that the plaintiff is unable to pay the civil filing fee or provide security therefor.

Plaintiff is ORDERED, within forty-five (45) days of the date of entry of this order, to file a properly completed <u>in forma pauperis</u> affidavit or pay the civil filing fee. The Clerk is ORDERED to send plaintiff a copy of the nonprisoner <u>in forma pauperis</u> affidavit along with this order.

In addition to the filing fee issue, the complaint contains several other deficiencies. First, the complaint does not set forth the defendant's address or agent for service of process

2

and, therefore, the Clerk will be unable to issue a summons in the event the motion to proceed in forma pauperis is granted.[2] Second, the complaint alleges that the plaintiff received a right to sue letter but no copy of that letter is attached to the complaint, making it impossible for the Court to confirm that it has subject-matter jurisdiction over this action. Plaintiff is ORDERED, within forty-five (45) days of the date of entry of this order, to file the defendant's address or agent for service of process and a copy of the right to sue letter.

Failure to timely comply with any requirement of this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 20 day of December, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Fed. R. Civ. P. 4(h)(1), a corporation is served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

3

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02918 was distributed by fax, mail, or direct printing on December 21, 2005 to the parties listed.

---

Patricia Nelms Johnson
2200 West Roselawn St.
Rogers, AR 72756

Honorable Jon McCalla
US DISTRICT COURT